**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>GREGORY ABBOTT et al.,<br><br>    Defendants. | Case No. 19-MJ-6087-MPK |

**MEMORANDUM IN SUPPORT OF DEFENDANT
WILLIAM MCGLASHAN, JR.'S MOTION TO MODIFY
CONDITIONS OF RELEASE AND APPEARANCE**

Defendant William E. McGlashan, Jr. ("Mr. McGlashan") respectfully submits the following memorandum in support of his motion to modify the conditions of his release and appearance.

**PRELIMINARY STATEMENT AND RELEVANT FACTS**

On March 12, 2019, Mr. McGlashan appeared in the Northern District of California on a Complaint and warrant issued by this Court charging him with a single count of conspiracy to commit mail fraud and honest services mail fraud in violation of 18 U.S.C. § 1349. At the initial appearance, U.S. Magistrate Judge Joseph C. Spero issued an Order setting conditions of release and appearance that included, among other terms, a $1 million personal appearance bond and surrender of Mr. McGlashan's passport and other travel documents. Mr. McGlashan respectfully moves this Court for an order modifying the conditions of release to allow Mr. McGlashan to possess his travel documents and to travel internationally, including for a long-planned family trip over his children's scheduled school break in April 2019.

Mr. McGlashan is a married father of three children, ages 18, 16 and 13, who live with him and his wife in a home they have owned for 15 years in Marin County, California. A seventh-

generation Californian, Mr. McGlashan has extensive family, professional, and community ties to Northern California, where he has lived most of his life.  In addition to owning property there, numerous other family members, including Mr. McGlashan's parents, live in close proximity to the McGlashans' home, and their children attend highly regarded local schools.

As with his personal life, Mr. McGlashan's professional life is deeply intertwined with his Northern California community.  He is a founder and former managing partner of TPG Growth, the growth equity arm of the San Francisco-based private equity investment firm TPG Capital, and a co-founder of The Rise Fund, a multibillion-dollar private equity investment fund committed to achieving social and environmental impact.  He also co-founded other California businesses, including Pharmanex, STX Entertainment and Evolution Media, and he has served on the boards of many other U.S. companies and organizations, including non-profits such as Common Sense Media and Endeavor Global.  Mr. McGlashan does not have any criminal history or history of substance abuse.

Although the single count with which Mr. McGlashan is charged is serious, the allegations against him are different than those in many of the related cases.  They focus on Mr. McGlashan's 18-year-old son, who was diagnosed by a pediatric neuropsychologist in 2015—when he was in eighth grade—with certain learning disabilities.  Mr. McGlashan's son has received various academic accommodations every year since then, including extra test time.  There is no allegation in this case that the additional ACT test time obtained for Mr. McGlashan's son was obtained fraudulently or was unwarranted.  Mr. McGlashan is alleged to have made a single payment of $50,000, and there is no allegation that Mr. McGlashan's son ever attended a university based on any of the alleged conduct.  And that is because Mr. McGlashan did not pay for the use of a so-called "side door" to obtain admission for his son at USC or any other college.  In fact, Mr.

McGlashan's son has not even graduated high school, and he withdrew his college applications.

Mr. McGlashan's pretrial release clearly does not pose any danger to the community and he is in no way a flight risk. In light of his deep ties to his community and the nature of the offense with which he is charged, a $1 million personal appearance bond is more than adequate to reasonably assure Mr. McGlashan's appearance in connection with proceedings in this case. Accordingly, Mr. McGlashan respectfully submits that, pursuant to 18 U.S.C. §§ 3145(a)(2) and 3142(b)–(c), his conditions of release should be modified to remove the international travel restrictions and the requirement that he surrender his passport and other documents, so that he can participate in a long-planned family trip over his children's scheduled school break in April 2019.

## **ARGUMENT**

When a defendant is ordered released by a magistrate judge or a person other than a judge of a court having original jurisdiction over the offense, the defendant may file a motion for amendment of the conditions of release with the court having original jurisdiction over the offense. 18 U.S.C. § 3145(a)(2). The district court engages in a de novo review of the magistrate judge's findings regarding pretrial detention or conditions of release. *United States* v. *Marquez*, 113 F. Supp. 2d 125, 127 (D. Mass. 2000) (citing *United States* v. *Tortora*, 922 F.2d 880, 833 n.4 (1st Cir. 1990)).

Except for certain enumerated offenses—none of which are applicable here—the language of 18 U.S.C. § 3142 creates a presumption in favor of release on personal recognizance or unsecured bond with no conditions other than the requirements that the defendant not commit additional crimes and cooperate in the collection of a DNA sample if authorized. *See* 18 U.S.C. § 3142(b) (judicial officer "*shall* order" pretrial release on personal recognizance, or unsecured appearance bond, "*unless* the judicial officer determines that such release will not reasonably

assure the appearance of the person as required or will endanger the safety of any other person or the community") (emphasis added). To overcome this presumption, the government must prove by a preponderance of evidence that the defendant is a flight risk. *United States* v. *Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991).

The Court must consider four factors in determining whether a defendant is a flight risk and poses a danger to the safety of any other person and the community: "(1) the nature and circumstances of the offense charged," including, *inter alia*, whether the offense is a crime of violence or involves a minor victim or a controlled substance; "(2) the weight of the evidence against the person; (3) the history and characteristics of the person," including, among other things, his character, family ties, financial resources, length of residence in the community, community ties, past conduct and criminal history; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). These factors weigh in favor of modifying the conditions of Mr. McGlashan's release to permit him to retain his travel documents, and to engage in routine international travel, including his long-planned family trip over his children's scheduled school break in April 2019.

Mr. McGlashan is charged with a single count of conspiracy to commit mail fraud and honest services mail fraud. Although a serious charge, there is no allegation of violence or injury to any victim. The allegations relate to Mr. McGlashan's 18-year-old son, who was diagnosed with certain learning disabilities in 2015, when he was in eighth grade. He has been afforded disability accommodations, including extra test time, every year since then. There is no allegation that the extra time obtained for Mr. McGlashan's son to take the ACT exam was unwarranted or obtained fraudulently. Nor is there is any allegation that Mr. McGlashan paid any sums beyond a single $50,000 payment. The Complaint does not allege that Mr. McGlashan paid any money to

use a so-called "side door" to obtain admission for his son at USC or any other college for that matter. That is for good reason: Mr. McGlashan *never* paid any such money. There is also no allegation that Mr. McGlashan's son attended any university based on the alleged fraud. He is, in fact, still in high school, and he has withdrawn his applications.

Mr. McGlashan's connections to his community are deep and broad. He and his wife have lived in Northern California for most of their lives, including over a decade with their three children in a home they own in Marin County, California. Several other family members live in very close proximity (several on the same property), and all three of the McGlashans' children attend highly regarded local schools. Mr. McGlashan has also spent the better part of the last three decades building a career and business network, with extensive business relationships in California and the United States.

Mr. McGlashan is not going to abandon his immediate and extended family, and endanger hard-earned business relationships, by fleeing from a charge that he intends to vigorously contest. He also understands that flight would be "ill-considered" because this matter has been heavily publicized and sensationalized. *See United States* v. *Khashoggi*, 717 F. Supp. 1048, 1051 (S.D.N.Y. 1989) (noting that a defendant's recognition that "flight would be an ill-considered course for him to take" supports a determination that the defendant does not pose a substantial flight risk).

In light of the forgoing, Mr. McGlashan respectfully submits that the conditions of his release should be amended to allow him to possess and retain his passport and any other travel documents, and to engage in routine international travel. International travel is important to Mr. McGlashan personally and professionally. Business opportunities often require him to travel for engagements abroad. Travel is also important to Mr. McGlashan's family—indeed, the family has

a long-planned international trip scheduled for April 6, 2019.  In order to enable Mr. McGlashan to continue to honor these professional and personal commitments, it is critical that he retain access to his travel documents and be permitted to travel internationally.  Mr. McGlashan will keep the U.S. Probation and Pretrial Services Office apprised of any and all international travel plans.

In the alternative, if this Court declines to grant Mr. McGlashan's request to retain possession of any and all travel documents and to engage in international travel, Mr. McGlashan respectfully requests that the Court permit him to travel for the above-referenced trip from April 6 through April 12 with his family.  This travel will not interfere with Mr. McGlashan's ability to appear before the Court.  He will provide any details pertaining to this trip requested by the U.S. Probation and Pretrial Services Office.

WHEREFORE, Mr. McGlashan hereby respectfully moves this Court to modify the conditions of his release to allow him to retain possession of his passport and any other travel documents such that he can engage in international travel, or, in the alternative, to permit him to travel for the specific and limited purpose of the long-planned family trip from April 6 through April 12.

Dated: March 27, 2019 Respectfully submitted,

John C. Hueston (*pro hac vice*)
jhueston@hueston.com
Marshall Camp (*pro hac vice*)
mcamp@hueston.com
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
(213) 788-4340

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
jpirozzolo@sidley.com
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304

*Attorneys for Defendant
William McGlashan, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2019, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo